

We held in our original opinion that the allegation in the complaint and information was insufficient to predicate an enhanced punishment upon in a misdemeanor case; the allegation so held being that "the said J. M. Waltrip was duly and legally convicted in said last named court of an offense of like character as that hereinbefore charged against him in this cause." The vice in this portion of the pleadings being that it should have gone further and said, in substance, "in to-wit," giving the number and style of the cause, and a general description thereof, so that the character and kind of said prior convictions would be made known in the complaint and information itself, although it would not be necessary to plead the previous charges with the same particularity as was done in their original pleadings.

We still adhere to the previous decisions relative to the necessity of not relying alone on the pleading of "the same offense," but have read into that statute by judicial construction the phrase "of like character"; it being obviously impossible for one to commit the same offense more than once.

With what we have said above, this motion is overruled.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft of a hog is the offense; penalty assessed at confinement in the penitentiary for two years.

The indictment appears regular and properly presented. The record is before this court without statement of facts or bills of exception. No error has been perceived or pointed out.

The judgment is affirmed.

## GARRISON v. STATE.

### No. 19427.

Court of Criminal Appeals of Texas.

Feb. 16, 1938.

Rehearing Denied March 23, 1938.

## SPENCER v. STATE.

### No. 19496.

Court of Criminal Appeals of Texas.

March 9, 1938.

C. C. Chessher and A. J. Hutson, both of Groveton, for appellant.